NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

MAR 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff,

v.

299,912.00 IN ACCOUNT FUNDS,

Defendant,

_____

ESTATE OF SYDELLE RICH, Substituted for Sydelle Rich; ESTATE OF WILLIAM SMOLEK, AKA William Smolek,

Claimants-Appellants,

v.

DAVID R. KITTAY, as Trustee for the Bankruptcy Estate of Stephen Yagman,

Claimant-Appellee.

No.    15-55352

DC No. CV 06-07095 SVW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Carla M. Woehrle, Magistrate Judge, Presiding

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 9, 2016
Pasadena, California

Before:     TASHIMA and PAEZ, Circuit Judges, and FRIEDMAN,[**] District
            Judge.

Stephen Yagman filed a Chapter 7 bankruptcy petition in the Southern District of New York. In his petition, he failed to disclose certain assets, including $299,912.00 given to him by some of his relatives (the "Currency"). The government upon investigating Yagman for bankruptcy fraud, initiated civil forfeiture proceedings against the Currency. Appellants are the estates of Yagman's deceased relatives who claim an interest in the Currency (the "Estates"). We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal.

"In order to meet the case-or-controversy requirement of Article III, a plaintiff (including a civil forfeiture claimant) must establish the three elements of standing . . . ." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012). The three elements of standing are (1) "that the plaintiff suffered an injury in fact," (2) "that there is a causal connection between the injury and the conduct complained of, and" (3) "that it is likely the injury will be redressed by a favorable decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-

---

[**]     The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

2

61 (1992)). In a civil forfeiture proceeding, standing is satisfied if the claimant can show "a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *United States v. Real Prop. Located at 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008) (quoting *United States v. Real Prop. Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004). The burden for showing standing rests on the party asserting it. *Lujan*, 504 U.S. at 561.

During the pendency of the forfeiture action, the Estates executed a stipulation recognizing Yagman's interest in the Currency. Having recognized Yagman's interest in the Currency, no interest remains in which the Estates can assert any claim. Because the Estates no longer have any colorable interest in the Currency, they lack standing to pursue this appeal.[1]

This appeal is **DISMISSED.**

---

[1] Because the Estates lack standing, we, in turn, lack jurisdiction to address the merits of the Estates' contention.